| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>(1) Scott Phillip Flynn, also known as Phil Flynn,<br><br>Defendant. | Case No: 0:16-cr-00347-ADM-KMM<br><br>**REPORT AND RECOMMENDATION** |

David J. MacLaughlin, Assistant United States Attorney, counsel for the government

Earl P. Gray and Paul C. Engh, counsel for Mr. Flynn

On June 26, 2017, the Court held a hearing on a number of pretrial motions, including Mr. Flynn's Motion to Suppress Search and Seizure, Mot. to Suppress, ECF No. 30, which the Court took under advisement based on the pre-hearing submissions.[1] Pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), Mr. Flynn asserts that a search warrant for his home in Watertown, Minnesota, was unconstitutionally obtained. He alleges that the search warrant was procured by misrepresentations, material omissions, and inaccuracies in the supporting affidavit prepared by Internal Revenue Service Special Agent Shannon G. Korpela. Mot. to Suppress ¶¶ 1, 13. Specifically, Mr. Flynn asserts that Special Agent Korpela intentionally failed to tell the signing Magistrate Judge that the source of the information providing probable cause for the warrant was a man named Gerald Greenfield, who the government had previously determined was unreliable when Mr. Greenfield was sentenced in his own

---

[1] Other dispositive motions will be addressed following post-hearing briefing in a separate report and recommendation.

criminal case. *Id.* ¶ 3 (citing *United States v. Greenfield*, 10-cr-34 (PJS/JJK), Doc. No. 66 (D. Minn. Feb. 14, 2011) (Gov't's Mem. on Sentencing); *id.* ¶ 13a. The Court recommends that Mr. Flynn's Motion to Suppress Search and Seizure be denied.

Mr. Flynn has not made the substantial preliminary showing required to obtain a *Franks* hearing. *Franks*, 438 U.S. at 171-72; *Anderson v. United States*, 762 F.3d 787, 793 (8th Cir. 2014). His allegation that Mr. Greenfield was the source of the information used by Agent Korpela to demonstrate probable cause is nothing more than a conclusory assertion of falsity in a legal memorandum. Mr. Flynn has not submitted evidence such as affidavits or statements from reliable witnesses, and has offered no explanation for the absence of such evidence. *See Anderson*, 762 F.3d at 792 (providing that allegations of falsity cannot be conclusory and must be accompanied by an offer of proof); *United States v. Crissler*, 539 F.3d 831, 834 (8th Cir. 2008) (discussing the form of an offer of proof). At the hearing, Mr. Flynn's counsel did not even submit an offer of proof for what evidence he could submit demonstrating that Mr. Greenfield's information is behind the affidavit. Nor has Mr. Flynn demonstrated that Agent Korpela omitted information about Mr. Greenfield with the intent to make the affidavit misleading. *United States v. Jacobs*, 986 F.2d 1231, 1234-35 (8th Cir. 2002) (discussing required showing to obtain a *Franks* hearing based on materially misleading omissions form a search warrant affidavit).

In fact, all Mr. Flynn has alleged is his unsupported assertion that Mr. Greenfield was the source of the information used to demonstrate probable cause. Counsel for the government unequivocally denied that Mr. Greenfield was relied on for the information in that affidavit and so informed defense counsel. The government also readily agreed that Mr. Greenfield is unreliable and dishonest. In response, the defense offered nothing more than persistence in the meritless motion. This is an insufficient basis to obtain a *Franks* hearing, let alone suppression of evidence seized pursuant to a search warrant.

To the extent that Mr. Flynn asserts that Agent Korpela's statements about ownership and control of a corporation or value of a home were incorrect, *see* Mot. to

Suppress ¶¶ 13b-c, he makes no claim and no showing that such statements were deliberate or reckless falsehoods. Negligence or innocent mistake alone does not meet the standard required to grant a *Franks* hearing. *United States v. Freeman*, 625 F.3d 1049, 1050 (8th Cir. 2010) (citing *Butler*, 594 F.3d at 961). Moreover, a disagreement with the facts stated in the search warrant affidavit, though fair game for a trial dispute, is not a proper basis for a *Franks* hearing. *See United States v. Williams*, 146 F. App'x 425, 431 (11th Cir. 2005) (affirming district decision denying *Franks* hearing where request was unsupported by allegation of misrepresentations and the defendant "just disagreed with the facts as they were stated in [the affiant's] warrant").

For these reasons, Mr. Flynn's Motion to Suppress Search and Seizure, **ECF No. 30**, should be **DENIED**.

Date: June 27, 2017

*s/ Katherine Menendez*
Katherine Menendez
United States Magistrate Judge

# NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.