**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

       Plaintiff,

     v.                                                             **ORDER**
                                                                    Criminal No. 16-347 ADM/KMM

Scott Phillip Flynn,

       Defendant.

_____

David J. MacLaughlin and Benjamin F. Langner, Assistant United States Attorneys, United
States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff.

Ian M. Comisky, Esq., and Patrick J. Egan, Esq., Fox Rothschild LLP, Philadelphia, PA, on
behalf of Defendant.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on

Defendant Scott Phillip Flynn's ("Flynn") Motion for Bail Pending Appeal [Docket No. 143].

Flynn requests release from prison pending his appeal from this Court's January 24, 2019

Judgment of Conviction and Sentence. Plaintiff United States of America (the "Government")

has filed a Response [Docket No. 148] opposing the Motion.

## II. BACKGROUND

On December 21, 2016, a grand jury indicted Flynn with conspiracy to defraud the

United States in violation of 18 U.S.C. § 371, tax evasion in violation of 26 U.S.C.§ 7201, and

filing false tax returns in violation of 26 U.S.C. § 7206(1). See generally Indictment [Docket

No. 1]. After several continuances of the trial date, trial was set for June 11, 2018. On June 4,

2018, just one week before trial was scheduled to begin, Flynn reached a Plea Agreement with

the Government and entered a plea of guilty to Count 1 (conspiracy to defraud the United States)

and Count 3 (false tax return - 2007) of the Second Superseding Indictment ("SSI") [Docket No. 83]. See Plea Agreement [Docket No. 90]; Min. Entry [Docket No. 89]; Plea Tr. [Docket No. 93].

On December 11, 2018, more than half a year after his guilty plea and just nine days before he was scheduled to be sentenced, Flynn reversed course and, through new counsel, moved to continue his sentencing and withdraw his guilty plea. The Court denied Flynn's motion to withdraw the guilty plea, and sentenced him to 60 months imprisonment on Count 1 and 27 months on Count 3, for a total prison term of 87 months. Sentencing J. [Docket No. 139] at 2. The Court also ordered Flynn to pay restitution of $5,392,442.87. Id. at 6. At the sentencing hearing, the Court granted the Government's motion to have Flynn taken into custody. See Hr'g Tr. [Docket No. 151] at 147–152.

On February 5, 2019, Flynn appealed his conviction and sentence. Also on February 5, Flynn filed the instant Motion for Bail Pending Appeal.

## III. DISCUSSION

### A. Legal Standard

A defendant's release pending appeal is governed by 18 U.S.C. § 3143(b)(1). The statute falls within the Bail Reform Act of 1984, which "made it much more difficult for a convicted criminal defendant to obtain his release pending appeal," and has led to the intended result of "fewer convicted persons remain[ing] at large while pursuing their appeals." United States v. Marshall, 78 F.3d 365, 366 (8th Cir. 1996) (per curiam). "[R]elease pending appeal now requires that the district court . . . find (A) by clear and convincing evidence that the defendant is unlikely to flee or pose a danger to others, and (B) that his appeal 'raises a substantial question

of law or fact' that is likely to result in reversal, new trial, or reduction to a sentence that would

be served before disposition of the appeal." Id. (quoting 18 U.S.C. § 3143(b)(1)).

## 1. Likely to Flee

Flynn has not met his burden of showing by clear and convincing evidence that he is

unlikely to flee. As the Court noted at the sentencing hearing, Flynn has demonstrated a pattern

of using last-ditch efforts to delay the day of reckoning for his crimes. He entered a guilty plea

on the eve of trial and then attempted to withdraw that plea on the eve of sentencing. Flynn also

has the knowledge and means to flee. He travels internationally on mission trips and has access

to funds to pay for private legal representation even though he is unemployed.

## 2. Substantial Question of Law or Fact

Even if Flynn could show by clear and convincing evidence that he is unlikely to flee or

pose a danger to others, he has not shown that his appeal raises a substantial question of law or

fact that is likely to result in reversal. The Eighth Circuit defines a "substantial question" as a

"close question or one that could go either way." United States v. Powell, 761 F.2d 1227,

1233–34 (8th Cir. 1985) (en banc). A "fairly debatable" issue, a nonfrivolous issue, or a

question over which reasonable judges could differ does not rise to the level of "substantial

question." Id. at 1234. However, "the defendant does not have to show that it is likely or

probable that he or she will prevail on the issue on appeal." Id.

Flynn's arguments on appeal that he should have been allowed to withdraw his guilty

plea because he did not understand the elements of the charges, and because the plea lacked an

adequate factual basis, are not close questions. As this Court held when denying Flynn's motion

to withdraw his guilty plea, the record overwhelmingly establishes that Flynn fully understood

the nature of the charges to which he was pleading guilty, and that an ample factual basis existed to support both counts of conviction.  See Mem. Op. & Order, Jan. 8, 2019 [Docket No. 131] at 5–11.

Nor is a close question raised by Flynn's other arguments on appeal that:  (1) the holding in Marinello v. United States, 138 S. Ct. 1101 (2018) applies to the conspiracy charged under 18 U.S.C. § 371 in Count 1 of the Second Superseding Indictment; and (2) Flynn was entitled to a jury trial on his restitution amount.

Marinello does not address (or even cite) 18 U.S.C. § 371.  In the 11 months since Marinello was decided, no Court of the United States has held that Marinello applies to conspiracies charged under 18 U.S.C. § 371.  Even if Flynn could show that his argument under Marinello raises a substantial question, release would still not be appropriate because the Marinello argument applies only to Flynn's conviction and sentence on Count 1 and does not affect Flynn's 27-month sentence on Count 3 for filing a false tax return.  See Powell, 761 F.2d at 1230 ("[I]f the assumed error, even though not harmless, would affect fewer than all the counts on which defendant has been sentenced to imprisonment, release pending appeal would not be appropriate, despite the existence of a 'substantial question.'").

Flynn's argument that restitution requires a jury trial does not raise a substantial question because the argument is squarely contradicted by binding Eighth Circuit precedent in United States v. Carruth, 418 F.3d 900 (8th Cir. 2005).

## IV. CONCLUSION

Based on the foregoing, as well as all the files, records, and proceedings in this case, IT

IS HEREBY ORDERED that Defendant Scott Phillip Flynn's Motion for Bail Pending Appeal

[Docket No. 143] is **DENIED**.

BY THE COURT:


_____ s/Ann D. Montgomery _____
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  March 7, 2019.